FILED
JAN 2 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH DIANE FLETCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12 0090 |
| ) | |
| DEP'T OF HUD – MANAGER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff alleges that, in April 2011, she has participated in a program in Miami, Florida for first-time home buyers. *See* Compl. at 2. She claims to have received "NO HELP" from the defendant, and plaintiff now demands that defendant "help [her] receive all the benefits she is entitle of [sic] as a first-time home-buyer; as a low income; and as a [sic] elder and disable person." *Id.* at 3 (emphasis in original).

Plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This complaint is deficient as it neither includes a short and plain statement of a claim showing plaintiff's entitlement to relief nor gives fair notice to defendant of the claim asserted. Accordingly, the complaint will be dismissed.

An Order consistent with this Memorandum Opinion is issued separately.

/s/
_____
United States District Judge

DATE: Jan. 13, 2012